70 F.3d 116
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry K. WILLIS, Plaintiff-Appellant,
v.
William N. MORRIS, Jr; Richard Swiggart; Henry Marmon;
Joseph Jackson; Shelby County Tennessee
Information Technology, Defendants-Appellees.
 No. 95-5107.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: MERRITT, Chief Judge; KENNEDY, Circuit Judge, and JOINER, District Judge.*
 
 ORDER
 
 2
 Larry K. Willis, a pro se Tennessee citizen, appeals the dismissal without prejudice of his employment discrimination action filed under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, and 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking forty-five million dollars and injunctive relief, Willis filed this action against his employer, a county agency, and several county officials, claiming that he had been denied promotion and received less pay for similar work than a female co-worker. Willis sought and was granted an entry of default. One week after the expiration of the period for responding to the complaint, defendants moved to set aside the entry of default, which motion was granted after oral arguments. Defendants also moved for dismissal of the complaint, and to strike references to settlement negotiations, both of which motions were subsequently granted. On appeal, Willis argues, among other issues, that the district court erred in setting aside the entry of default and in dismissing his complaint. Defendants argue that Willis cannot appeal the ruling setting aside the entry of default because he did not file a separate notice of appeal from that ruling. Defendants' brief also addresses the grounds relied on by the district court in dismissing the complaint, as well as the merits of the underlying sex discrimination claim.
 
 
 4
 Upon review, we reject defendants' argument that Willis is barred from appealing the ruling setting aside the entry of default. The notice of appeal from the final judgment in this action was sufficient to preserve a challenge to all the district court's prior nonfinal rulings. See Cattin v. General Motors Corp., 955 F.2d 416, 428 (6th Cir.1992). However, we also conclude that the district court did not abuse its discretion in setting aside the entry of default. See INVST Financial Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398-99 (6th Cir.), cert. denied, 484 U.S. 927 (1987).
 
 
 5
 The claim under Title VII, 42 U.S.C. Sec. 2000e et seq., was properly dismissed without prejudice for failure to exhaust administrative remedies, as Willis admitted he had not yet received a notice of right to sue. Whether construed as a jurisdictional prerequisite or a condition precedent, the requirement of receiving a notice of right to sue was properly invoked by the district court as Willis made no argument for equitable relief from the condition. See Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1486-88 (6th Cir.1989). The claim under 42 U.S.C. Sec. 1983 was also properly dismissed, as Title VII provides the exclusive remedy for the employment discrimination alleged here. See Allen v. Denver Pub. School Bd., 928 F.2d 978, 982 (10th Cir.1991) (per curiam).
 
 
 6
 However, the district court erred in dismissing the claim under the Equal Pay Act, 29 U.S.C. Sec. 206, for the same reason that the Title VII claim was dismissed. The Equal Pay Act contains no requirement to exhaust administrative remedies before bringing an action in the district court. See County of Washington v. Gunther, 452 U.S. 161, 175 n. 14 (1981); Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1527 (11th Cir.1992).
 
 
 7
 The remaining arguments raised by Willis on appeal are frivolous. Defendants' discussion of the merits of the sex discrimination claim is misplaced, as no judgment on the merits is under appeal.
 
 
 8
 Accordingly, the dismissal of the Equal Pay Act claim is vacated and the matter remanded for further proceedings. In all other respects, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation